IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-407-MOC-DCK

| | |
|---|---|
| LAUNEIL SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| GASTON COUNTY, CITY ATTORNEY ) | **AND ORDER** |
| LLOYD ASHLEY SMITH, NORTH ) | |
| CAROLINA GOVERNOR BEV ) | |
| PERDUE, Authorized Specified Agent, ) | |
| NORTH CAROLINA ATTORNEY ) | |
| GENERAL ROY COOPER, Authorized ) | |
| Specified Agent, NORTH CAROLINA ) | |
| SECRETARY OF NCDSS, Authorized ) | |
| Specified Agent, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Leave To Proceed In Forma Pauperis" (Document No. 2) filed August 25, 2011. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion, for the limited purpose of reviewing the "Complaint" (Document No. 1), and will *sua sponte* recommend that the Complaint be dismissed.

**I. BACKGROUND**

*Pro se* Plaintiff Launeil Sanders ("Plaintiff") initiated this action with the filing of his "Complaint" (Document No. 1) on August 25, 2011. Plaintiff's Complaint names Gaston County, City Attorney Lloyd Ashley Smith, the State of North Carolina, Governor Bev Perdue, Attorney General Roy Cooper, and the Secretary of NCDSS, as Defendants. (Document No. 1). However, Plaintiff's claims for relief only appear to seek relief from Gaston County and the State of North

Carolina. Id. The Complaint does not allege any wrongdoing or seek relief from the other named defendants, either individually, or in their official capacities. Id. The crux of Plaintiff's Complaint is allegations that his constitutional rights were violated regarding: (1) a custody matter in or about 1990; and/or (2) a dispute over child support payments, in or about 1998. Id. In short, it appears Plaintiff is dissatisfied with the results of action(s) by the North Carolina state courts during the 1990s.

Plaintiff now seeks an Order from this Court requiring Gaston County and the State of North Carolina, *inter alia*, to appear for a hearing, to set up a trust fund, to pay punitive damages, and requiring that North Carolina "establish a Family Law Co-Ordinator for each County that must review all Divorce [and] Child Custody Cases filed in all the state." (Document No. 1). Along with his Complaint, Plaintiff also filed the instant motion to proceed *in forma pauperis*. (Document No. 2).

## II. DISCUSSION

### A. Application To Proceed In Forma Pauperis

By the instant motion, Plaintiff seeks to proceed with his "Complaint" (Document No. 1) against Defendants without having to prepay the costs associated with bringing this action. In support of this motion, Plaintiff has submitted an Application reflecting that he is unemployed with monthly income of $350.00, and that his spouse has monthly income of $1200. (Document No. 2). Plaintiff's Application further indicates that his monthly expenses total approximately $2,427.00. Id. Plaintiff's Application also shows that he has approximately $320.96 in cash or in a checking or savings account, and that he owns a car and his home. Id. Plaintiff has previously been granted leave to proceed *in forma pauperis* by this Court, as well as by the Fourth Circuit Court of Appeals. Id. See also, Sanders v. Gaston Co., 3:10-CV-199-FDW, 2010 WL 2572837 (W.D.N.C. June 24,

2010) aff'd 395 Fed.Appx. 1000, 2010 WL 3870176 (4th Cir. 2010); Sanders v. Gilchrist, 3:10-CV-068-MOC (W.D.N.C. March 22, 2011).

Accordingly, based upon the foregoing representations, it appears to the undersigned that Plaintiff does <u>not</u> have sufficient resources from which to pay the filing fee associated with bringing this action and that Plaintiff's Application should be allowed.

**B. The Complaint**

Having allowed Plaintiff to proceed *in forma pauperis*, the Court has conducted a review of the Complaint as required by 28 U.S.C. § 1915(e)(2). When a plaintiff has filed a case *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that - - . . . the action or appeal - - (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); <u>see also</u>, Sanders v. Gaston Co., 2010 WL 2572837 at *1.

> A district court has broad discretion to police *in forma pauperis* filings to prevent abuse of the statute. <u>See</u> <u>Nagy v. FMC Butner</u>, 376 F.3d 252, 255, 257 (4th Cir .2004); <u>see also</u> <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725, 728 (4th Cir.2006) (noting that 28 U.S.C.A. § 1915(e) applies to all IFP filings, not just those filed by prisoners). Indeed, "to provide free access to the courts without overwhelming the efficient administration of justice with meritless cases, the system relies primarily on the judgment of the district courts to permit suits that are arguably meritorious and to exclude suits that have no arguable basis in law or fact." <u>Nasim v. Warden, Maryland House of Corr.</u>, 64 F.3d 951, 954 (4th Cir.1995).

Sanders v. Gaston Co., 2010 WL 2572837 at *1.

Here, Plaintiff's action is apparently based on alleged wrongdoing by Gaston County and the State of North Carolina over twenty (20) years ago. Moreover, the facts and claims before the Court now are very similar to those addressed by Judge Whitney in the above-cited case just over a year ago. In fact, three of the current claims for relief are virtually identical to the claims in the

3

previous case, Sanders v. Gaston Co., 3:10-CV-199-FDW, (Document No. 1), and the issues raised in that case had been raised by Plaintiff and addressed by this Court in 1993.

> Plaintiff's Complaint alleges that in matters involving child custody and child support both Gaston County and the State of North Carolina have violated his constitutional rights. This is not the first time Plaintiff has attempted to raises these issues in this Court. In 1993, the Honorable Graham C. Mullen issued an order noting that "Plaintiff has filed at least four lawsuits collaterally attacking the Gaston County child custody proceeding in which custody of the plaintiff's children was awarded to their maternal aunt." See Sanders v. Gaston, 3:93-cv-[0]71 (W.D.N.C. July 2, 1993), aff'd 19 F.3d 1430, 1994 WL 102157 (1994) (unpublished). In that order, Judge Mullen dismissed Plaintiff's complaint because it again sought to assert causes of action alleging that his constitutional rights were violated in connection with a child custody proceeding. Judge Mullen also explicitly ordered Plaintiff to "cease filing lawsuits in federal court that challenge the state court child custody action, as these actions are outside the jurisdiction of this Court." In affirming Judge Mullen's order, the Fourth Circuit expressly agreed with the reasoning of the district court's order denying relief on Plaintiff's complaint and imposing an injunction barring future claims concerning the child custody matter at issue. 19 F.3d 1430,1994 WL 102157, *1.

Sanders v. Gaston Co., 2010 WL 2572837 at *2. Judge Mullen further ordered that "[f]ailure by pltf to observe this order will result in the imposition of sanctions." Sanders, 3:93-cv0071-GCM (W.D.N.C. July 2, 1993).

Despite Judge Mullen's 1993 Order, and Judge Whitney's 2010 Order, both of which were affirmed by the Fourth Circuit, Plaintiff has essentially filed the same action yet again. Under the circumstances, this Court's most recent analysis of these issues is still applicable:

> The Court has reviewed the contents of the Complaint and finds the Court not only lacks jurisdiction over the allegations contained therein because the gravamen of his claims concern child custody and support matters (notwithstanding the fact they are couched as constitutional violations), but also, that Plaintiff has failed to allege any facts that set forth a plausible claim for relief. Twombly, 550 U.S. at 570, and Iqbal, 129 S.Ct. at 1949. Accordingly, the

4

> Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted ... ."

Sanders, 2010 WL 2572837 at *2.

Based on the foregoing, the undersigned will recommend that this action be dismissed. In addition, noting Judge Mullen's 1993 warning of sanctions, and the fact that Judge Whitney's 2010 Order also cautioned Plaintiff against further abuse of the court process by filing successive, frivolous complaints or motions, the undersigned will recommend that the presiding district judge consider appropriate sanctions against Plaintiff and/or issue an order preventing similar filings by this Plaintiff.[1]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Leave To Proceed In Forma Pauperis" (Document No. 2) is conditionally **GRANTED**; the United States Marshal shall <u>not</u>, however, effectuate service.

**IT IS RECOMMENDED** that Plaintiff's "Complaint" (Document No. 1) be **DISMISSED**, in its entirety, for the reasons described herein.

**IT IS FURTHER RECOMMENDED** that the presiding district judge issue a pre-filing review order and/or an order to show cause why an injunction should not be entered against Plaintiff by the Court, and/or order other appropriate sanctions against Plaintiff.

### IV. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions

---

[1] On March 22, 2011, the Honorable Max O. Cogburn, Jr. issued an "Order" (Document No. 4) dismissing <u>Sanders v. Gilchrist</u>, 3:10-CV-068-MOC pursuant to 28 U.S.C. § 1915(e)(2).

5

of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Order And Memorandum And Recommendation to the *pro se* Plaintiff and the Honorable Max O. Cogburn, Jr.

**IT IS SO ORDERED AND RECOMMENDED**.

Signed: September 2, 2011

David C. Keesler
United States Magistrate Judge