IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv407

| | |
|---|---|
| LAUNEIL SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| Vs. ) | ORDER ADOPTING |
| ) | RECOMMENDATION |
| GASTON COUNTY ET AL., ) | OF MAGISTRATE JUDGE |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation by the Honorable David C. Keesler, United States Magistrate Judge, recommending that the court, sua sponte, dismiss the pro se plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) [docket #3]. Plaintiff has filed a document that is apparently intended to serve as an objection, but Plaintiff simply reasserts claims in his pro se complaint, and he identifies no specific objections.

### FINDINGS AND CONCLUSIONS

**I.    Applicable Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v.*

-1-

*Davis*, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## II. Discussion

After a careful review of the magistrate judge's recommendation on the motion to dismiss, the court finds that the magistrate judge correctly determined that Plaintiff's complaint should be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2). Thus, the court will adopt the M&R of the magistrate judge as to whether Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

At this time, the court will decline to issue a pre-filing review order and/or an order to show cause why an injunction should not be entered against Plaintiff by the court. The court does caution Plaintiff, however, that if he continues to file lawsuits

similar to the one being dismissed now, the court will order Plaintiff to show good cause why a pre-filing injunction should not issue.

Plaintiff is no doubt very upset with the situation related to custody of his children. The federal courts are here to serve the public and to assist persons such as Plaintiff in receiving the help that they need. The court reminds Plaintiff, however, that this court simply does not have jurisdiction to address a state court child custody action. That is, there are certain types of lawsuits that can *only* be brought in state court, and as a general rule only state courts can address issues of child custody.

The court is concerned that if Plaintiff continues to file lawsuits in this or other federal courts over the child custody matters he complains of here, Plaintiff may be setting himself up for being enjoined from filing future lawsuits in this or another federal court. A pre-filing injunction could potentially bar Plaintiff from filing a lawsuit in this or another federal court over a matter in which the court *does* have jurisdiction. It is simply not in Plaintiff's best interest to continue filing lawsuits such as the one here, and Plaintiff should know by now that the court is simply not going to let a lawsuit such as this one go forward. That is, Plaintiff is simply wasting his own time as well as the court's time. If Plaintiff files another lawsuit like this one, the court *will* order Plaintiff to show cause for why he should not be enjoined from filing any more lawsuits in this court, and Plaintiff could potentially face sanctions,

-3-

including being held in contempt of court.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#3) is **ADOPTED** in part, to the extent that the complaint is dismissed with prejudice.

Signed: October 6, 2011

Max O. Cogburn Jr.
United States District Judge

-4-